## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert A. Goldman, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 2399 C.D. 2014 |
| Respondent | : | Submitted: June 26, 2015 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: November 9, 2015

Robert A. Goldman, Esquire (Goldman), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 11, 2014 order affirming the Referee's decision granting Jennifer M. Stanley (Claimant) UC benefits under Section 402(h) of the UC Law (Law).[1] Essentially, the issue before the Court is whether the UCBR erred in determining that Claimant was Goldman's employee and therefore eligible for UC benefits under Section 402(h) of the Law. After review, we dismiss the appeal as moot.

Claimant performed legal research and assistance for Goldman on an as-needed basis from May 15, 2014 through June 9, 2014. Claimant separated from Goldman and thereafter applied for UC benefits. On September 25, 2014, the

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h) (providing that an employee is ineligible for UC benefits for any week in which she is engaged in self-employment).

Harrisburg UC Service Center determined that Claimant was not self-employed and was, therefore, eligible for UC benefits under Section 402(h) of the Law. Also on September 25, 2014, the Harrisburg Overflow Center issued a determination finding Claimant eligible for UC benefits under Section 402(e) of the Law.[2] Goldman appealed both determinations and, on October 24, 2014, a Referee hearing was held. On October 24, 2014, the Referee affirmed both determinations.[3] Goldman appealed to the UCBR. On December 11, 2014, the UCBR affirmed both Referee decisions. Goldman appealed both UCBR orders to this Court.

By February 24, 2015 order, this Court denied the UCBR's application for consolidation. On September 25, 2015 this Court filed its opinion in *Goldman v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 2392 C.D. 2014, filed September 25, 2015) (*Goldman I*). In *Goldman I*, this Court denied Claimant UC benefits under Section 402(b) of the Law.[4] Specifically, the Court held that Claimant voluntarily left her employment without a necessitous and compelling reason for doing so.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. **An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect**.

---

[2] 43 P.S. § 802(e) (referring to willful misconduct).

[3] The October 24, 2014 order incorrectly referred to Section 402(e) of the Law. On October 27, 2014, the Referee issued an amended decision/order correcting the error and finding Claimant eligible under Section 402(h) of the Law.

[4] 43 P.S. § 802(b) (referring to voluntarily leaving work without cause of a necessitous and compelling nature).

*In re: J.A.,* 107 A.3d 799, 811 (Pa. Super. 2015) (emphasis added) (quoting *In re: D.A.,* 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (internal citations and quotations omitted)).  As a result of *Goldman I*, wherein, Claimant was denied UC benefits, the issue of whether the UCBR erred in determining that Claimant was Goldman's employee and eligible for UC benefits is now moot.[5]

For all of the above reasons, Goldman's appeal is dismissed as moot.

_____
ANNE E. COVEY, Judge

---

[5] The UCBR determined in the instant case that Claimant was eligible for UC benefits for weeks ending **May 10, 2014 through June 14, 2014**.  In the case docketed at 2392 C.D. 2014, the UCBR determined Claimant was eligible for UC benefits for weeks ending **June 14, 2014 through July 5, 2014**.  However, in both cases the UCBR found as a fact that Claimant's last day of work for Goldman was **June 9, 2014**.  Because a claimant is only eligible for UC benefits for weeks after a separation from employment, *see* Section 402 of the Unemployment Compensation Law, 43 P.S. 802, and there is no dispute that Claimant's last day of work for Goldman was June 9, 2014, the instant case only covers week ending June 14, 2014 which is the same ending week in the case docketed 2392 C.D. 2014 because Claimant was working for Goldman weeks ending **May 10, 2014 through June 7, 2014**.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert A. Goldman,                       :
                     Petitioner          :
                                         :
          v.                             :
                                         :
Unemployment Compensation                :
Board of Review,                         :       No. 2399 C.D. 2014
                     Respondent          :

# O R D E R

AND NOW, this 9th day of November, 2015, Robert A. Goldman's appeal is dismissed as moot.

_____
ANNE E. COVEY, Judge